UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------x
CARLOS BROWN,

                 Petitioner,

       -against-                   ORDER ADOPTING REPORT
                                    AND RECOMMENDATION

DANIEL F. MARTUSCELLO,
                                    16-CV-6084 (CS)(PED)

                 Respondent.
--------------------------------------------------x

Seibel, J.

     Before the Court are Petitioner's objections, (Doc. 34 ("Obj.")), to the Report and

Recommendation of United States Magistrate Judge Paul E. Davison, (Doc. 32 (the "R&R")),

recommending that Petitioner's application for a writ of *habeas corpus* be dismissed as time-

barred.[1]  Familiarity with the R&R, prior proceedings in the case, and the standards governing

*habeas* petitions under 28 U.S.C. § 2254 is presumed.

     A district court reviewing a report and recommendation "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific,

written objection' is made, as long as the factual and legal bases supporting the findings and

conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v.*

*N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P.

72(b)), *aff'd sub nom. Hochstadt v. N.Y. State Dep't of Educ.*, 547 F. App'x 9 (2d Cir. 2013)

---

[1]I have also considered Petitioner's letter to Chief Judge McMahon received on July 30,
2019.  (Doc. 35.)

(summary order).[2]  "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009).   If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error.  *Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009).  "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Petitioner contends that the documents attached to his Objections show that he acted "with due diligence" in "continuously tr[ying] to obtain medical information" that would justify equitable tolling but has "been met with inexcusable delays."  (Obj. at 1.)  The attached documents, however, show Petitioner making requests for medical records in May and July 2019, (Obj. Exs. A-C), a year and a half after his response to Respondent's opposition was filed and years after he knew that the timeliness of his petition would be in issue, (*see* Docs. 10, 24, 33). Those requests hardly show diligence.

_____

[2]The Court will send Petitioner copies of any decisions cited in this Order that are available only on an electronic database.

In any event, the documents Petitioner has provided me, and the records he presumably wishes to obtain, were not presented to the Magistrate Judge. "When performing a *de novo* review, the judge may . . . receive further evidence [but] a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance." *Fox v. Lee*, No. 15-CV-390, 2019 WL 1323845, at *1 (N.D.N.Y. Mar. 25, 2019) (first alteration in original) (internal quotation marks and citations omitted); *see*, *e.g.*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") (internal quotation marks and citations omitted); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) (no abuse of discretion in district court denying plaintiff's request to provide additional testimony where plaintiff had no excuse for not presenting testimony to magistrate).

Here Petitioner presents no justification for his failure to sooner request or obtain whatever medical information he believes might have supported his claim for equitable tolling.[3] It is Petitioner's burden to show that he qualifies for equitable tolling, *see*, *e.g.*, *Mason v. Pool*, 554 F. Supp. 2d 391, 397 (W.D.N.Y. 2008), and the record before me, and before the Magistrate

---

[3]Petitioner relies on *Samo v. Keyser*, 305 F. Supp. 3d 551 (S.D.N.Y. 2018), *report and recommendation adopted*, No. 17-CV-5043, 2018 WL 4565143 (S.D.N.Y. Sept. 21, 2018), *certificate of appealability denied*, No. 18-2985, 2019 WL 1531762 (2d Cir. Feb. 21, 2019), (Obj. at 2-3), but the Court can see nothing in that case – which found equitable tolling unjustified – that assists Petitioner.

Judge, simply lacks evidence that Petitioner's treatment or condition prevented him from timely filing. (*See* R&R at 9-11.)[4]

Accordingly, Petitioner's objections are overruled, and the R&R is adopted as the decision of the Court. The Petition is dismissed as time-barred. As it is not debatable that the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478

_____

[4]That Chief Judge McMahon did not dismiss the Petition as untimely following Petitioner's submission of an Affirmation of Timeliness, (*see* Docs. 10, 12), does not constitute a finding that the Petition was timely. Nor does the fact that this Court thereafter ordered service. (*See* Doc. 14.) Petitioner in his Affirmation of Timeliness represented that he would "be able to prove to this Court why [his] Petition should not be time-barred." (Doc. 12 at 5.) The Chief Judge and I merely gave him the opportunity to do so, but he has failed to meet the applicable burden.

In his letter to Chief Judge McMahon, Petitioner inquires whether the statute of limitations was tolled during the thirty-eight days of the pendency of his improper application to the New York Court of Appeals for permission to appeal an unappealable order – specifically, the Appellate Division's denial of leave to appeal the denial of his motion under New York Criminal Procedure Law § 440.10. (Doc. 25 at 1-2.) The answer is no. As explained in Chief Judge McMahon's order of December 23, 2016, (Doc. 10), and in the R&R, (R&R at 8-9), "if a petitioner applies for relief that is not available to him, the time period during which that unavailable relief application is pending will not toll the statute of limitations," *Clark v. Manning*, No. 05-CV-5585, 2007 WL 2126273, at *4 (E.D.N.Y. July 24, 2007); *see Walker v. Graham* 955 F. Supp. 2d 92, 101 (E.D.N.Y. 2013) (limitations period not tolled during pendency of motion for leave to appeal to the Court of Appeals the Appellate Division's denial of leave to appeal § 440 motion, "because no such appeals are permitted under New York law."). Thus the thirty-eight days count against Petitioner.

(2000).  The Clerk of Court is respectfully directed to send a copy of this Order to Petitioner and

close the case.

SO ORDERED.

Dated:  August 1, 2019
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.